MORRIS MARGOLIN, RELATOR, v. BAYONNE STAR LODGE, No. 212, INDEPENDENT ORDER OF BRITH SHOLEM, ET AL., RESPONDENTS.

Argued February 19, 1924—Decided April 10, 1924.

**Corporations—Membership in Lodge—By-Laws of Lodge and Regulations Relating to Membership Discipline—Facts in Instant Case Uncertain.**

On rule to show cause why *mandamus* should not issue.

Before Justices TRENCHARD, PARKER and CAMPBELL.

For the relator, *Aaron A. Melniker.*

For the respondents, *Charles Rubensteain* and *Alfred Brenner.*

PER CURIAM.

Relator was a member of the respondent lodge. Charges were preferred against him upon which a trial was had, and the determination made against him "unanimously was that Brother Margolin was to be taken away his voice for one year's time."

From that an appeal was taken within the order to the executive board of the Grand Lodge, in which the decision

was "that there should be nothing of the charges against Brother Margolin, and he shall be given back his voice, and if Brother Margolin shall from to-day on not behave himself or insult a brother, or he shall be only under a charge, the lodge shall have a right to expel him from membership and also from the order."

Later, a further complaint was made against relator, who was notified to appear before the committee of the respondent lodge. He appeared, but, instead of consenting to trial, filed a notice that he desired that the matter be heard by the executive board, pursuant to section 5, article 24 of the by-laws. Thereafter the respondent lodge acting, as is contended, within the authority conferred upon it by the executive board above recited, expelled relator from membership in the lodge.

It seems that relator then pressed his appeal to the executive board asking for a final decision, and there is evidence tending to show that his appeal was being considered by that body, and was undetermined at the time when the rule to show cause now before us was obtained upon the theory that he had been improperly deprived of his membership in the organization without due notice and hearing. On the other hand, there is evidence tending to show that the appeal has been in effect determined adversely to the relator. In this uncertain state of the evidence upon the question whether or not his appeal has been in effect determined adversely, or, in other words, whether or not the relator has been expelled, it seems quite manifest that the most relator can properly have at this time is an alternative writ of *mandamus*.

Such a writ will be awarded.